Judge Ewing
delivered the Opinion of the Court.
John Potts and wife, as the distributees of W. P. Wilson, filed their bill against Thomas Overstreet, administrator of Gabriel Overstreet, who was administrator of said Wilson, for a settlement of accounts, and distribution of the estate of said decedent; and obtained a decree.
It is objected, first—that it was error to decree interest; secondly—xthat an execution should not have been ordered without first exacting refunding bonds from the distributees; and, thirdly—that the Court crrecl in sus *139 taming the exceptions to certain items in the commissioners’ report.
Some proof in support of an adm’r’s account, was rejected, at the hearing and final decree, and some items consequently, disallowed: the decree being reversed, this court directs, that time be allowed the adm’r to adduce further proof— upon his making out a case to entitle him to the indulgence.
Interest should not have been decreed. It is not shown, that the administrator, or his representative, used or received profit from the money, nor is there any allegation in the bill to that effect. Nor were refunding bonds ever tendered; nor did the distributees place themselves in a condition to demand distribution. Besides, it was a matter of great doubt and uncertainty who were the proper distributees.
It was also, error to direct executions until refunding bonds, approved by the Court, had been given. The defendant represented the estate of his intestate, and had the same right that he had, to ask refunding bonds, for the indemnity of said estate, as well as to secure himself against a devastavit.
But we perceive no error in the decree sustaining exceptions to the items of credits in the administrator’s account. The testimony relied on, to sustain said items, was ex parte and wholly insufficient, and in part dependent upon the mere acts of the administrator, and could not, therefore, be sanctioned by the Court.
But, as the exception was sustained, and the proper testimony excluded at the same instant of time that a final decree was rendered, and as a par-t of said decree—■ the administrator may have been surprised by its rejection, and if time had been allowed, may have been able to supply the defect, by other and competent testimony, to sustain those items in his credits, which were rejected; and, as the cause will have to be remanded to the Circuit Court for further proceedings, it is the opinion of this Court, that, should reasonable and sufficient grounds be made out by the defendant, that time be allowed him to take other proofs, to supply the defect in the rejected testimony.
It is therefore decreed by the Court, that the decree of the Circuit Court be reversed, and the cause remanded, that proceedings may be had, not inconsistent with this opinion.